ROGERS, J.
 

 In the month of October, 1917, the Trans-Mississippi Terminal Railroad Company entered into a contract with the present defendant for -the grading of a portion of its property on old Pilie street in the city of New Orleans;
 

 • On January . 1, 1918,' under the Federal Control Act (U. S. Comp. St. §§ 3115%-3115%p), the property of the company was taken over by the United States government, which operated it until February 28, 1920.
 

 On February 7,1919, one John J. Larroque, a switchman in the employ of the Director General of Railroads, brought suit against his employer in the United States District Court for the Eastern District of Louisiana to recover damages in the sum of $56,750 under the provisions of the federal Employers’ Liability Act (45 USCA §§ 51-59; U. S. Comp. St. §§ 8657-8665). In his suit he alleged that on the night of April 12, 1918, while riding on the footboard of a certain tow car in the discharge of his duties, he was severely injured when the footboard, coming into contact with cobblestones and bricks lying on the roadbed, broke off from the car, throwing him under the wheels thereof.
 

 The defendant denied the greater part of the allegations of his employee, and further averred that the accident was caused by the negligence of the present defendant with whom he had a contract for grading the roadbed at the place where th'e complainant was injured. He then called the defendant here in warranty under . the' contract between them. In response to a prayer for oyer, the original contract was filed, and the alleged warrantor then excepted to the call in warranty on the ground that there was no cause of action thereon. The exception was never set down for a hearing, and the case went to trial between the original parties, resulting in a judgment in favor of plaintiff for $10,250, subject to a credit of $700 previously paid plaintiff by the railroad administration. After the evidence was in, and prior to judgment, the defendant moved for a decree against his allegedwarrantor for whatever judgment might be rendered against him in favor of the plaintiff. The motion was overruled; the district judge holding that the case , was not at issue as to the alleged warrantor.
 

 
 *549
 
 The judgment against the Director General was paid, after its affirmance by the United States Circuit Court Of Appeal.
 
 [1]
 
 This suit was instituted to recover the amount so paid. The case was tried by the court sitting with a jury, and resulted in a verdict for defendant, rejecting plaintiff’s demand. A motion for a new trial was refused by the judge, who set forth in writing his reasons for so doing. This appeal was taken from the judgment rendered upon the verdict, and is now being prosecuted by Andrew W. Mellon, as Agent by appointment of the President under the Transportation Act (41 Stat. 456), Who was substituted as plaintiff and appellant.
 

 The theory of plaintiff is that, either by express contract or by the general law, the defendant is liable as an indemnitor of the claim which was successfully prosecuted to judgment against him in the federal courts. That having been duly notified of the pend-ency of that action and given an opportunity of defending it, the said judgment is conclusive upon said indemnitor as to all questions determined in such action which are material to a recovery against him in the present suit.
 

 In the practical application of his theory, plaintiff, on the trial of the case, objected to the introduction of any testimony on the part, of the defendant to show that he was not, and that plaintiff was, guilty of negligence, and he offered the record of the federal court as being conclusive on that point'. The judge a quo, in overruling the objection, held that the judgment was conclusive as to liability and amount only as against the present defendant, and he permitted the introduction of evidence to show that the injury to plaintiff’s employee might have been caused in some other manner than as found in the suit in the federal court.
 

 We do not find that this defendant was bound by any contractual warranty to defend the railroad company in the action brought by its employee. The only obligation assumed by the contractor that would have justified any call in warranty whatever is contained in the clause wherein-he agreed to hold harmless and to indemnify the eontractee against the claims of his own employees. Presumably, the railroad company recognized this fact, which would explain its failure to press to a hearing the exception filed by the contractor in response to the demand made upon him in the federal court.
 

 The narrow question to be determined in this suit, therefore: Is defendant, under the general law, liable to plaintiff for the accident and consequent injury suffered by his employee and for which he was condemned in damages; and, if so, is the judgment for such damages, by reason of his notice of the action, conclusive against the defendant of its amount and on the issue of the cause of the accident?
 

 Plaintiff has cited eminent authority supporting the general rule that a judgment obtained by a third person against an indemnitee for damages caused by the negligent or wrongful act of the indemnitor is, if the indemnitor have notice of the action, conclusive in a subsequent suit against him for indemnity as to the existence of the direct or other wrongful act which caused the injury, the freedom of the injured party from contributory negligence, the liability of the indemnitee to him, and the amount of the damages.
 

 The basis of all these decisions, as we Understand them, is that the cause of Action against the indemnitee must ’ be one ' for which the indemnitor is also liable; in which event, if he have notice and be given an opportunity to defend the action, and he fails to avail himself thereof, he will' be bound by the judgment in the same way and to the same extent as if he were a party litigant.
 

 
 *551
 
 The situation we áre called upon to deal with here is wholly different from the one presented in any of the cases referred to by the plaintiff. It is true, that this defendant was notified of the pendency of the suit in the federal court, but it cannot be said that by reason thereof he was offered the- opportunity to defend the cause of action that is alleged against him here. The shit in the federal court was brought under the federal Employers' Liability Act. This defendant was called into that court to defend on that cause of action under an alleged contractual warranty. He excepted that no such warranty existed, because his contractual obligation was to protect the contractee only from claims that might be brought against him by the contractor’s employees and not from such claims as might be brought against the contractee by his own employees. The issue tendered by the exception remained undisposed of, and the fact that the defendant in that case went to trial without insisting that this should be done would seem to have been a tacit admission of the correctness of the position assumed by the exceptor.. The railroad’s liability to its employee arose under the federal statutes, and this defendant’s liability, if any, to said employee, arose under the provisions of the general law. In these circumstances, we do not find the authorities relied on by plaintiff appropriate, and our conclusion is, therefore, the ruling of the judge a quo to the effect that the record in the federal court was conclusive against this defendant a.s to liability, and amount only was correct.
 

 Under the ruling the issue between the parties on the merits was restricted, necessarily, as to' whether the injury to his employee was due to the negligence of plaintiff or to the negligence 'of the defendant. Plaintiff's theory is that the accident was caused'‘by bricks a'fid cobblestones'negligently left by defendant on or near the railroad track. Defendant’s contention is, on the other hand, that plaintiff’s employee was thrown off the car by a sudden jolt when the ear came into contact with a bad joint in the track. The jury found for the defendant, but the effect of the verdict is questioned by plaintiff in view of the disagreement expressed therewith by the trial judge in his reasons for refusing the motion for a new trial.-
 

 We are not impressed with the thorough conviction of the trial judge that the Verdict of the jury was erroneous since, if that were the ease, there is no good reason why be should not have granted a new trial rather than refer the issue to this court to the end that “the error of the jury, if any, be corrected” here. But, be that as it may; questions of fact are often extremely difficult to decide with absolute confidence that the decision is correct, and both judges , and juries may occasionally fall into error. This is a close case on the facts. There are some of the circumstances detailed which support the theory of the plaintiff and there are others which sustain the contention of the defendant.
 

 The injured party was not placed on the stand by plaintiff. All of his witnesses, employees of the railroad company, testified as to the presence on or near the track of a cobblestone which in their respective opinions came into contact with the footboard of the tow car, causing it to break. The rock in question was not, however, produced either on the trial in the federal court or on the trial in the state court. Plaintiff’s witnesses testified that it had been removed after the accident by the watchman of the defendant'. The watchman denied this. A cobblestone was produced by defendant on the trial of this case in the court of the first instance, and identified' by the witnesses as being' similar "to the one' they had observed
 
 *553
 
 at the scene of the accident. The watchman in question was possessed of only one arm and the hand attached to that arm was equipped with only two fingers. It is difficult to understand how a man in his condition could have so quickly removed and disposed of a rock of the character referred to by the witnesses. This watchman testified that he was standing near the place where the accident occurred; that the person injured was sitting on the “handle bar” of the tow car; that “as the engine was backing on down the tow car sunk down and just gave way, and he just tumbled over”; that immediately after the accident occurred he examined the place where the sagging took place and found a low joint there. The witness, as well as other employees of the defendant, testified concerning the inspection of the place and the track where defendant was carrying on his operations under his contract, and of its freedom from rocks or other debris.
 

 Our conclusion is that plaintiff, who carries the burden of proof, has not established by a fair preponderance thereof the certainty of his cause of action, and, for that reason, we are unable to set aside the verdict of the jury in favor of defendant and render a judgment in his favor.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.
 

 [1]
 

 No opinion filed.